JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600

MICHAEL W. MCTIGUE, JR. (*pro hac vice* forthcoming)
michael.mctigue@skadden.com
MEREDITH C. SLAWE (*pro hac vice* forthcoming)
meredith.slawe@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:    (212) 735-3000
Facsimile:    (212) 735-2000

Attorneys for Defendant
J.B. Hunt Transport, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER MANRIQUEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>J.B. HUNT TRANSPORT, INC., and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.:<br><br>[State Case No.: 22CV009805<br>Filed: April 13, 2022]<br><br>CLASS ACTION<br><br>**NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

Defendant J.B. Hunt Transport, Inc. ("Defendant"), through undersigned counsel, hereby removes the state court action entitled Javier Manriquez v. J.B. Hunt Transport, Inc., et al., Civil Action No. 22CV009805, filed in the Superior Court of the State of California for the County of

1

Alameda, to the United States District Court for the Northern District of California. Removal is warranted under 28 U.S.C. § 1441(b) because the Court has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, and 1367.

In support of removal, Defendant states as follows:

## PROCEDURAL HISTORY

1. On April 13, 2022, Plaintiff Javier Manriquez commenced an action against Defendant in Alameda County Superior Court. Defendant accepted service of the Complaint ("Compl.") on April 25, 2022, pursuant to California Code of Civil Procedure § 415.30. Defendant has timely filed this Notice of Removal within 30 days of receipt, through service or otherwise, of a copy of the first pleading from which it became ascertainable that the matter was removable, in accordance with 28 U.S.C. § 1446(b)(1).

2. As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders served on Defendant in the action to date are attached hereto as **Exhibits 1-7.**

## BACKGROUND

1. Defendant provides logistics, shipping, and transportation services across North America.

3. Plaintiff alleges five causes of action under the Fair Credit Reporting Act ("FCRA") (15 U.S.C. §§ 1681b(b)(2)(A), 1681d(a), 1681d(b), 1681g(c)), California's Investigative Consumer Reporting Agency Act ("ICRAA") (Cal. Civ. Code §§ 1786.16(a)(2), 1786.16(a)(2)(B)(v)), California's Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ Code 1785.20.5(a)), and the California Unfair Competition Law ("UCL") (Cal. Bus. and Prof. Code §17200). (Compl. ¶ 3.) Plaintiff alleges that when applying for employment with Defendant, Defendant failed to properly format certain disclosures and provide other disclosures required by FCRA, ICRAA, and CCRAA when Defendant sought consumer reports related to Plaintiff. Plaintiff seeks to represent a nationwide class and two sub-classes of California residents, and seeks actual and statutory damages, along with declaratory and injunctive relief and attorney's fees. (*Id.* ¶¶ 9-10, p. 53.)

NOTICE OF REMOVAL                                        Case No.:

4.     "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5.     This action is removable pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action for two independent reasons: (1) this Court has jurisdiction under the Class Action Fairness Act; and (2) this Court has federal question and supplemental jurisdiction.

**I.     This Court Has Original Jurisdiction Under the Class Action Fairness Act.**

6.     The Class Action Fairness Act ("CAFA") grants the federal district courts original jurisdiction over a putative class action if (1) the action purports to be a "class" action brought on behalf of 100 or more members; (2) there is minimal diversity; and (3) the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2). Every element necessary for CAFA jurisdiction is satisfied here.

7.     *First*, this action is a putative class action in which "the class is estimated to be greater than 100 individuals." (Compl. ¶ 35.) Based on Defendant's investigation of this case, and Plaintiff's allegations, each of the proposed classes easily exceed 100 members each.

8.     *Second*, the minimal diversity requirement is satisfied. Minimal diversity exists for CAFA purposes when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Corporations like Defendant are considered citizens of their state of incorporation and the state where they are headquartered. *Id.* § 1332(c)(1).

9.     Here, Plaintiff alleges "[Defendant] is a Georgia corporation" (Compl. ¶ 14.) Defendant is, in fact, a Georgia corporation, with its headquarters in Arkansas. Defendant is thus a citizen of Georgia and Arkansas.

10.     The putative classes consist of persons "residing in the United States" or "residing in California." (Compl. ¶ 32.) A nationwide class necessarily satisfies the minimal diversity requirement. *See, e.g.*, *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017)

(concluding that minimal diversity was satisfied when class definition, as pleaded, included a nationwide class and many non-citizens of California).

11.     Accordingly, because the classes include members who are not citizens of Georgia or Arkansas, while Defendant is a citizen of both Georgia and Arkansas, the minimal diversity requirement is satisfied.

12.     **Third**, the amount in controversy exceeds $5,000,000 exclusive of interest and costs. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  18 U.S.C. § 1332(d)(6).  In determining whether the amount in controversy requirement is satisfied, courts consider the monetary value of the claims the plaintiff has alleged, as well as the cost to the defendants of complying with any requested injunctive or declaratory relief.  *See* 14AA Wright & Miller, *Federal Practice and Procedure Jurisdiction and Related Matters* §§ 3702.1, 3708 (4th ed. 2021).  Attorney's fees provided by statute are included in this calculation.  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

13.     Here, Plaintiff has not specified a specific dollar amount he is seeking to recover from this action.  However, the Complaint seeks "[a]n award of statutory, compensatory, special, general, and punitive damages according to proof."  (Compl. at p. 23 (prayer for relief).)  The Complaint also seeks attorney's fees.  (*Id.* at p. 24.)

14.     Plaintiff alleges willful or negligent violations of FCRA, CCRAA, and ICRAA, and seeks statutory damages, actual damages, punitive damages, injunctive and equitable relief, and attorney's fees and costs in connection with the FCRA, ICRAA, and CCRAA classes.  (Compl. ¶¶ 46, 59, 50, 63, 66.)  Pursuant to 15 U.S. Code § 1681n(a), a person who "willfully fails to comply with a[] requirement [of FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of . . . any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000 . . . such amount of punitive damages as the court may allow; and . . .  in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court."

15. Although Defendant does not believe Plaintiff's claims have merit, if the court were to find Defendant willfully violated the FCRA, ICRAA, and CCRAA, Defendant could be liable for damages in an amount exceeding $5,000,000. Based on Defendant's review of its business records, there are at least 5,001 members of each of the FCRA, ICRAA, and CCRAA putative classes. With FCRA carrying potential statutory damages of up to $1000 per violation, and CCRAA and ICRAA containing damages provisions as well, the amount in controversy could exceed $5,000,000. *Arias*, 936 F.3d at 927 (holding "amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover").

16. In addition, Plaintiff requests statutorily provided attorney's fees, which are included in the amount in controversy calculation. *See id.* at 922. (Compl. ¶8.) While Defendant believes the claims asserted do not have merit, and Plaintiff is not entitled to an award of attorney's fees, any attorney fee award based on Plaintiff's attorney's historical rates, past settlements, and attorney's fees awards, along with the Ninth Circuit's 25% benchmark for fees would be additive to the amount in controversy which already exceeds $5,000,000. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (holding 25% of common fund is "benchmark" for a reasonable fee award).

17. The amount in controversy requirement is satisfied here, as an amount in excess of $5,000,000 is at stake in this litigation. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).

**II**. **This Court Also Has Federal Question Jurisdiction Over This Action.**

18. This Court also has original jurisdiction over this action because it has federal question and supplemental jurisdiction over all of the claims Plaintiff asserts.

19. 28 U.S.C. § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

20. Plaintiff alleges two causes of action under FCRA: (1) a failure to provide proper disclosure under 15 U.S.C § 1681b(b)(2)(A), and (2) failure to provide a summary of rights in violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c). (Compl. ¶¶ 44, 55.)

NOTICE OF REMOVAL                                    Case No.:

21.     Because these causes of action arise out of FCRA, a federal law, this Court has original jurisdiction over this action.

22.     The Court also has supplemental jurisdiction over Plaintiff's remaining claims. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

23.     The Supreme Court has held that supplemental jurisdiction exists when "state and federal claims . . . derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). The Court went on to state that supplemental jurisdiction is appropriate if "considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues." *Id.*

24.     Each of Plaintiff's claims arises out of a common nucleus of operative facts. Plaintiff's claims under FCRA, ICRAA, and CCRAA are all based on Defendant's alleged failure to make certain required disclosures to him as a part of his employment application. (Compl. ¶¶ 44, 55-62, 76-77, 92.) Based on these allegations, the claims are so interrelated that they "would ordinarily be expected to [be tried] all in one judicial proceeding," which demonstrates that supplemental jurisdiction over those claims is appropriate. *United Mine Workers*, 383 U.S. at 725. As they all arise from the same circumstance, and therefore Plaintiff is likely to "rely[] upon largely the same evidence and same witnesses in proving each of these claims," they are interrelated such that they should be tried in one judicial proceeding. *See Perez v. Ensign Servs., Inc.*, No. 8:16-cv-1914-JLS-JCGx, 2017 WL 8181145, at *4, 5 (C.D. Cal. Jan. 19, 2017) (concluding ICRAA claim was "substantively the same as . . . FCRA claim" when dismissing both, and that both "CCRAA claim and [the] FCRA claim are based on [company's] failure to make certain required disclosures" when finding supplemental jurisdiction.).

### III. All Other Procedural Prerequisites For Removal Are Satisfied.

25. Plaintiff's state court action was commenced in the Superior Court of Alameda County, in the State of California and, under 28 U.S.C. §§ 84(a) and 1446(a), may be removed to this United States District Court for the Northern District of California, which includes Alameda County within its jurisdiction.

26. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

27. The Complaint was filed on April 13, 2022. (*See* Ex. 1) The grounds for removal first became ascertainable when Defendant was served the Complaint on April 25, 2022. (*See* Ex. 7.) This Notice of Removal is being filed within 30 days of service of the Complaint, and the Notice is therefore timely.

28. The undersigned counsel represent the named Defendant in this matter, who seeks removal. The consent of the unnamed Doe defendants is not required. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants not required to join in removal petition).

29. As 28 U.S.C. § 1446(d) requires, Defendant will file a copy of this Notice of Removal with the Clerk of Court for the Superior Court of Alameda County. Defendant also will promptly serve a copy of this Notice on counsel for Plaintiff.

# CONCLUSION

By removing this action to this Court, Defendant does not waive, but instead expressly reserves any and all arguments available to it.

WHEREFORE, Defendant respectfully removes this action from the Superior Court of Alameda County, in the State of California, bearing case number 22CV009805, to the United States District Court for the Northern District of California.


DATED: May 24, 2022                   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Jason D. Russell_____
Jason D. Russell
*Attorneys for Defendant J.B. Hunt Transport, Inc.*

1

**ATTESTATION**

I, Jason D. Russell, am the ECF User whose ID and password are being used to file this

Notice of Removal. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that co-counsel

has concurred in this filing.

DATED: May 24, 2022                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Jason D. Russell_____
                    Jason D. Russell
        *Attorneys for Defendant J.B. Hunt Transport, Inc.*

EXHIBIT 1

Joseph Lavi, Esq. (SBN 209776)
Vincent C. Granberry, Esq. (SBN 276483)
Courtney M. Miller, Esq. (SBN 327850)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001
Emails:  jlavi@lelawfirm.com
         vgranberry@lelawfirm.com
         cmiller@lelawfirm.com
         wht1@lelawfirm.com

Sahag Majarian II, Esq. (SBN 146621)
**LAW OFFICES OF SAHAG MAJARIAN, II**
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff JAVIER MANRIQUEZ, individually and
on behalf of other members of the general public similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**04/13/2022 at 10:45:05 AM**
By: Cheryl Clark, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| JAVIER MANRIQUEZ, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>J.B. HUNT TRANSPORT, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 22CV009805<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1.   **FAILURE TO PROVIDE PROPER DISCLOSURES IN VIOLATION OF 15 U.S.C. § 1681b(b)(2)(A) (FAIR CREDIT REPORTING ACT)**<br><br>2.   **FAILURE TO PROVIDE SUMMARY OF RIGHTS IN VIOLATION OF 15 U.S.C. §§ 1681d(a)(1) AND 1681g(c) (FAIR CREDIT REPORTING ACT)**<br><br>3.   **VIOLATION OF CALIFORNIA CIVIL CODE §§ 1786, ET SEQ. (INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT)** |

**4.** **VIOLATION OF CALIFORNIA CIVIL CODE §§ 1785, ET SEQ. (CONSUMER CREDIT REPORTING AGENCIES ACT)**

**5.** **UNFAIR COMPETITION (BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ.)**

**DEMAND FOR JURY TRIAL**

**COMES NOW** Plaintiff JAVIER MANRIQUEZ ("Plaintiff"), individually and on behalf of other members of the general public similarly situated, who alleges and complains against Defendants J.B. HUNT TRANSPORT, INC.; and DOES 1 to 100, inclusive (collectively, "Defendants") as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1. This class action arises from the acquisition and use of consumer, investigative, and/or credit reports (referred to collectively as "background reports") by Defendants to conduct background checks on Plaintiff and other prospective, current, and former employees.

2. Plaintiff alleges that Defendants routinely obtain and use information from background reports in connection with their hiring and/or evaluation for transfer, promotion, and/or continued employment processes without complying with federal and state mandates for doing so. As part of this practice, Defendants fail to notify prospective, current, and former employees of their rights under federal law and further fail to provide to Plaintiff and prospective, current, and former employees a disclosure form compliant with federal state law requirements as part of the hiring and/or evaluation for transfer, promotion, and/or continued employment processes.

3. Plaintiff, individually and on behalf of all other similarly situated prospective, current, and former employees seeks compensatory and punitive damages due to Defendants' willful or grossly negligent conduct and their systematic and willful violation of, *inter alia*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*; the Investigative Consumer Reporting Agencies Act ("ICRAA"), Civil Code §§ 1786, *et seq.*; the Consumer Credit Reporting Agencies Act ("CCRAA"), Civil Code §§ 1785, *et seq.*; and California's Unfair Competition Law

("UCL"), Business and Professions Code §§ 17200, *et seq.*

4.    Defendants have violated the requirements under these statutes by failing to provide proper disclosures and/or notice of rights. The procurement of background reports for employment purposes is subject to strict disclosure and notice requirements under federal law pursuant to the FCRA and under California law pursuant to the ICRAA and/or CCRAA. Among other things, an employer may not procure a background report concerning a job applicant and/or employee unless (1) a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made it a document consisting solely of that disclosure ("disclosure form"); and (2) the employer provides the applicant and/or employee a summary of their rights under the FCRA ("summary of rights").

5.    In this case, Defendants' disclosure form lacked legally required disclosures pursuant to the FCRA, ICRAA, and/or CCRAA and Defendants further failed to provide the requisite summary of rights under the FCRA.

6.    As further alleged herein, Defendants' violations occurred because Defendants have willfully failed to properly apprise themselves of the statutory mandates before seeking, acquiring, and utilizing background reports to make employment decisions; violated the express and unambiguous provisions of the relevant statutes; and/or failed to implement reasonable procedures to assure compliance with statutory mandates.

7.    As a result of Defendants' wrongful acts and omissions, Plaintiff and other prospective, current, and former employees have been injured, including, without limitation, having their privacy and statutory rights invaded in violation of the FCRAA, ICRAA, and/or CCRAA.

8.    Plaintiff, on behalf of himself and prospective, current, and former employees, seeks statutory, actual and/or compensatory damages, punitive damages, and equitable relief, including costs and expenses of litigation including attorneys' fees, and appropriate injunctive relief requiring Defendants to comply with their legal obligations, as well as additional and further relief that may be deemed necessary or appropriate. Plaintiff reserves the right to amend this Complaint to add additional relief as permitted under applicable law.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court of the State of California and will be established according to proof at trial.

10. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

11. This Court has jurisdiction over Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.

12. Venue is proper in this Court because, upon information and belief, Defendants regularly transact business in the State of California, including Alameda County. Therefore, the acts and omissions alleged herein relating to Plaintiff and putative class members took place throughout the State of California, including Alameda County.

## PARTIES

13. Plaintiff was formerly employed by Defendants in the State of California.

14. Defendant J.B. HUNT TRANSPORT, INC. is a Georgia corporation and does business throughout the State of California, including in Alameda County.

15. Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 100, inclusive, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

16. Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the

remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

17. Plaintiff alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## FACTUAL ALLEGATIONS

18. Plaintiff was formerly employed by Defendants.

19. Plaintiff alleges that on or about April 17, 2017, in evaluating him for potential employment with Defendants, Defendants procured or caused to be prepared a background report (*i.e.*, a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(l)(B) and 15 U.S.C. § 1681a(e); an investigative consumer report, as defined by Civil Code section 1786.2(c) and/or a consumer credit report, as defined by Civil Code section 1785.3(c)) without providing Plaintiff a proper disclosure and/or a summary of rights as required by the FCRA, ICRAA, and/or CCRAA.

20. On or around March 4, 2022, Plaintiff discovered Defendants' violation(s) when he obtained his records from a former employer and discovered that Defendants had procured and/or caused to be procured a background report regarding him for employment purposes based on an illegal disclosure form and without providing required notice of his rights.

21. In connection with his evaluation for employment with Defendants, Plaintiff completed Defendants' standard forms, which on information and belief, were used regularly by Defendants for all prospective, current, and former employees who were evaluated for hire, transfer, promotion, and/or continued employment during the relevant time period in connection with Defendants' employment policies, procedures, and/or practices.

22. Defendants' employment process included a one-page document titled "DRIVER DISCLOSURE & AUTHORIZTION FORM" ("Disclosure").

23. A true and correct copy of the Disclosure is hereto attached as **Exhibit 1**.

24. Specifically, by failing to provide Plaintiff and similarly situated prospective, current, and former employees with a legally compliant document that constituted a written disclosure form, Plaintiff alleges Defendants violated the FCRA based on the following:

        (a)     It was not a standalone document;

        (b)     It was not a document that consisted solely of the disclosure; and

        (c)     It included extraneous information.

25. Plaintiff is further informed, believes, and thereon alleges that Defendants requested or caused to be requested an investigative consumer report and/or consumer credit report regarding Plaintiff and similarly situated prospective, current, and former employees.

26. Defendants, however, maintain a policy, practice, and/or procedure whereby, within three (3) days of requesting investigative consumer reports regarding Plaintiff and similarly situated prospective, current, and former employees, they fail to:

        (a)     inform Plaintiff and similarly situated prospective, current, and former employees, in writing, of their right to request additional disclosures as provided in 15 U.S.C. §1681d(b); and

        (b)     provide a written summary of the rights of Plaintiff and similarly situated prospective, current, and former employees pursuant to 15 U.S.C. §1681g(c).

27. Therefore, Plaintiff alleges, Defendants violated Section 1681d(a)(1) of the FCRA by failing to provide to Plaintiff and similarly situated prospective, current, and former employees within three (3) days of requesting investigative consumer reports regarding them, a disclosure in writing informing them of their right to request the additional disclosures provided for under Section 1681d(b) of the FCRA.

28. Defendants further violated of Section 1681d(a)(1) of the FCRA by failing to provide to Plaintiff and similarly situated prospective, current, and former employees within three (3) days of requesting investigative consumer reports, a written disclosure including a written summary of their rights pursuant to Section 1681g(c) of the FCRA.

/ / /

29.     By failing to provide Plaintiff and similarly situated prospective, current, and former employees with a legally compliant document that constituted a written disclosure form, Plaintiff alleges Defendants violated the ICRAA based on the following:

(a)     It was not provided at any time a background report was sought for employment purposes;

(b)     It was not clear and conspicuous;

(c)     It was not a standalone document;

(d)     It was not a document that consisted solely of the disclosure;

(e)     It included extraneous information;

(f)     It failed to state that an investigate consumer report may be obtained;

(g)     It failed to identify the permissible purpose of the report;

(h)     It failed to provide that the disclosure may include information regarding Plaintiff's and similarly situated prospective, current, and former employees' character, general reputation, personal characteristics, and mode of living;

(i)     It failed to identify the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation;

(j)     It failed to notify Plaintiff and similarly situated prospective, current, and former employees, in writing, of the nature and scope of the investigation requested, including a summary of the provision of Cal. Civ. Code §1786.22; and

(k)     It failed to notify Plaintiff and similarly situated prospective, current, and former employees of the internet website address of the investigative consumer reporting agency conducting the investigation.

30.     Further, Plaintiff alleges that Defendants' Disclosure violates Civil Code section 1786.16(a)(2) because it contains an "evergreen consent" provision that violates the requirement that Defendants provide Plaintiff and similarly situated prospective, current, and former employees with written disclosures and obtain written authorization <u>each time</u> an investigative consumer report is sought.

/ / /

31.     Finally, by failing to provide Plaintiff and similarly situated prospective, current, and former employees with a legally compliant document that constituted a written disclosure form, Plaintiff alleges Defendants violated the CCRAA based on the following:

        (a)     identifying the specific basis under Labor Code §1024.5(a) for use of the report;

        (b)     informing Plaintiff and similarly situated prospective, current, and former employees of the source of the report; and

        (c)     containing a check box that Plaintiff and similarly situated prospective, current, and former employees could check off to receive a copy of their credit report.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated, and thus seeks class certification under Code of Civil Procedure section 382 because there is a well-defined community of interest among many persons who comprise the classes defined below.

    A.     **FCRA Class**: All persons residing in the United States for whom Defendants procured or caused to be procured a background report for the purpose of evaluating them for employment, promotion, reassignment, and/or retention within five (5) years prior to the filing of this Complaint until final judgment is entered in this action.

    B.     **ICRAA Class**: All persons residing in California for whom Defendants procured or caused to be procured a background report for the purpose of evaluating them for employment, promotion, reassignment, and/or retention within five (5) years prior to the filing of this Complaint until final judgment is entered in this action.

    C.     **CCRAA Class**: All persons residing in California for whom Defendants procured or caused to be procured a background report for the purpose of evaluating them for employment, promotion, reassignment, and/or retention within seven (7) years prior to the filing of this Complaint until final judgment is entered in this action.

33.     Members of the Classes, as described above, will be referred to as "Class Members."

34. Plaintiff reserves the right to amend the above Classes and add additional subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

35. **Numerosity**: The Class Members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Classes is unknown to Plaintiff at this time; however, the class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment and/or hiring records. Consequently, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

36. **Commonality**: There are common questions of fact and law as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

(a) Whether it is Defendants' standard procedure to provide a standalone written disclosure that is clear and conspicuous to prospective, current, and former employees before obtaining or causing to be obtained a consumer report, investigative consumer report, and/or credit report in compliance with the statutory mandates;

(b) Whether it is Defendants' standard procedure to provide to prospective, current, and former employees notice of their rights under federal law within three (3) days of obtaining or causing to be obtained a consumer report, investigative consumer report, and/or credit report in compliance with the statutory mandates;

(c) Whether it is Defendants' standard procedure to provide to prospective, current, and former employees reasonable opportunity to obtain copies of their consumer report, investigative consumer report, and/or credit report in compliance with the statutory mandates;

(d) Whether it is Defendants' standard procedure to provide prospective, current, and former employees with copies of their consumer report, investigative consumer report, and/or credit report in a timely matter in compliance with the statutory mandates;

(e) Whether it is Defendants' standard procedure to identify a specific basis for requesting a consumer credit report in compliance with the statutory mandates;

/ / /

(f)     Whether Defendants' failures to comply with the FCRA, ICRAA, or CCRAA were willful or grossly negligent;

(g)     Whether Defendants' conduct described herein constitutes a violation of the UCL; and

(h)     The appropriate amount of statutory damages, attorneys' fees, and costs resulting from Defendants' violations of federal and California law.

37.     **Typicality**: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated, and Plaintiff's claims (or defenses, if any) are typical of those of all Class Members as demonstrated herein.

38.     **Adequacy of Representation**: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts, or differences with any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

39.     **Predominance**: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and the Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

40.     **Superiority**: Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages because of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendants' misconduct. Absent a class action,

Class Members will continue to incur harm and damages and Defendants' misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE PROPER DISCLOSURE IN VIOLATION OF

## 15 U.S.C. §§ 1681b(b)(2)(A)

## (FAIR CREDIT REPORTING ACT)

### (Against All Defendants by Plaintiff and the FCRA Class)

41.     Plaintiff hereby incorporates by reference paragraphs 1-40 above, as if fully set herein by reference.

42.     Defendants are "persons" as defined by section 1681a(b) of the FCRA.

43.     Plaintiff and FCRA Class Members are consumers within the meaning section 1681a(c) of the FCRA, because they are "individuals."

44.     Defendants violated section 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and FCRA Class Members with a clear and conspicuous written disclosure, before a report is procured or caused to be procured, that a consumer report may be obtained for employment purposes, in a document that consists solely of the disclosure.

45.     Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendants have a policy, practice, and/or procedure of failing to provide any disclosure whatsoever or, in the alternative, an adequate written disclosure to applicants before procuring consumer reports or causing consumer reports to be procured. Pursuant to that policy, practice, and/or procedure, Defendants procured consumer reports or caused consumer reports to be procured for Plaintiff and FCRA Class Members without first providing a written disclosure in compliance with section 168lb(b)(2)(A) of the FCRA.

46.     Defendants' conduct in violation of section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of

Plaintiff and FCRA Class Members. Defendants' willful conduct is reflected by, among other things, the following:

(a)     Defendants are large corporations with access to legal advice through their own general counsel's office and outside counsel;

(b)     Defendants required consumer reports as part of the process of employing the Plaintiff and FCRA Class Members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such investigative consumer reports; and

(c)     The plain language of the statute unambiguously indicates a written disclosure is required and that including extraneous and unclear information in a disclosure violates disclosure requirements.

47.     Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to section 168lb(b)(2)(A). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

48.     As a result of Defendants' illegal procurement of consumer reports by way of their failure to provide a disclosure or, in that alternative, utilizing an inadequate disclosure, as set forth above, Plaintiff and FCRA Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

49.     Plaintiff, on behalf of himself and the FCRA Class Members, seeks all available remedies pursuant to 15 U.S.C. § 1681n including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

50.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o.

/ / /

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE SUMMARY OF RIGHTS IN VIOLATION OF 15 U.S.C. §§

## 1681d(a)(1) AND 1681g(c)

## (FAIR CREDIT REPORTING ACT)

### (Against All Defendants by Plaintiff and the FCRA Class)

51.     Plaintiff hereby incorporates by reference paragraphs 1-50 above, as if fully set herein by reference.

52.     15 U.S.C. § 1681d(a) states:

(a) Disclosure of fact of preparation - A person may not procure or cause to be prepared an investigative consumer report on any consumer unless –

(1) it is clearly and accurately disclosed to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, which are applicable, may be made, and such disclosure

(A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

(B) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section 168lg(c) of this title….

53.     15 U.S.C. § 1681d(b) states:

(b) Disclosure on request of nature and scope of investigation

Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1), make a complete and accurate disclosure of the nature and scope of the investigation requested. This disclosure shall be made in a writing mailed, or after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

54.     15 U.S.C. § 1681g(c) further provides for summary of rights to obtain and dispute information in consumer reports and to obtain credit scores:

/ / /

(c) Summary of rights to obtain and dispute information in consumer reports and to obtain credit scores

(1) Commission summary of rights required

(A) In general

The Commission shall prepare a model summary of the rights of consumers under this subchapter.

(B) Content of summary

The summary of rights prepared under subparagraph (A) shall include a description of –

(i) the right of a consumer to obtain a copy of a consumer report under subsection (a) from each consumer reporting agency;

(ii) the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under section 1681i of this title;

(iii) the right of a consumer to dispute information in the file of the consumer under section 1681i of this title;

(iv) the right of a consumer to obtain a credit score from a consumer reporting agency, and a description of how to obtain a credit score;

(v) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

(vi) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681 a(w) of this title, as provided in the regulations of the Bureau prescribed under section 168lj(a)(l)(C) of this title.

55.    As alleged herein, Defendants failed to comply with 15 U.S.C. § 1681d(a) and 15 U.S.C. § 1681d(b) because Defendants failed to provide Plaintiff and FCRA Class Members a written disclosure, within three (3) days of requesting an investigative consumer report regarding them, including a statement informing Plaintiff and FCRA Class Members of their right to request the additional disclosures provided for under Section 1681d(b) of the FCRA.

56.    In further violation of 15 U.S.C. § 1681d(a), Defendants failed to provide Plaintiff and FCRA Class Members a written disclosure within three (3) days of requesting an investigative consumer report regarding them, including a written summary of the rights of Plaintiff and Class members prepared pursuant to Section 1681g(c) of the FCRA.

57. Additionally, Defendants did not comply with Section 1681g(c)(B)(1) because they failed to provide Plaintiff and FCRA Class Members a summary of rights stating the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency.

58. Defendants did not comply with Section 1681g(c)(B)(2) because they failed to provide Plaintiff and FCRA Class Members a summary of rights stating the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge.

59. Defendants did not comply with Section 1681g(c)(B)(3) because they failed to provide Plaintiff and FCRA Class Members a summary of rights stating the right of a consumer to dispute information in the file of the consumer.

60. Defendants did not comply with Section 168lg(c)(B)(4) because they failed to provide Plaintiff and FCRA Class Members a summary of rights stating the right of a consumer to obtain a credit score from a consumer reporting agency and a description of how to obtain a credit score.

61. Defendants did not comply with Section 1681g(c)(B)(5) because they failed to provide Plaintiff and FCRA Class Members a summary of rights stating the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge.

62. Defendants did not comply with Section 1681g(c)(B)(6) because they failed to provide Plaintiff and FCRA Class Members a summary of rights stating the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in Section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 168lj(a)( 1 )(C) of this title.

63. Defendants' conduct in violation of Sections 1681d(a) and (b) and 1681g(c) was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of Plaintiff and FCRA Class Members. Defendants' willful conduct is reflected by, among other things, the following facts:

    (a) Defendants are large corporations with access to legal advice through their own general counsel's office and outside counsel;

(b)     Defendants required investigative consumer reports as part of the process of employing the Plaintiff and FCRA Class Members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such investigative consumer reports; and

(c)     The plain language of the statute unambiguously indicates that within three (3) days of procuring or causing to be prepared an investigative consumer report, Defendants were to notify Plaintiff and FCRA Class Members of their right to request additional disclosures and a summary of rights under the FCRA.

64.     Defendants willfully violated and continue to violate the FCRA including, but not limited to, Sections 1681d(a)(b) and 1681g(c). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

65.     By willfully failing to provide Plaintiff and FCRA Class Members with the above-described information informing them of their right to request additional disclosures under the FCRA and further failing to provide them with a written summary of their rights under the FRCA, Defendants deprived Plaintiff and FCRA Class Members of their legal right to this information.

66.     Accordingly, Plaintiff, on behalf of himself and all FCRA Class Members, seeks remedies pursuant to 15 U.S.C. § 1681n, including statutory damages, and attorneys' fees and costs for Defendants' violations of 15 U.S.C. §§ 1681d(a)(b) and 1681g(c).

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CIVIL CODE §§ 1786, ET SEQ.

### (INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT)

### (Against All Defendants by Plaintiff and the ICRAA Class)

67.     Plaintiff hereby incorporates by reference paragraphs 1-66 above, as if fully alleged herein.

68.     Defendants are "persons" as defined by Section 1786.2(a) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

69.     Plaintiff and ICRAA Class Members are "consumers" within the meaning Section 1786.2(b) of the ICRAA because they are natural individuals who have made application to a

person for employment purposes.

70.     Section 1786.2(f) of the ICRAA defines "employment purposes" when used in connection with an investigative consumer report as "a report used for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention as an employee."

71.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

72.     Thus, a background check qualifies as an investigative consumer report under the ICRAA.

73.     Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

74.     Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

If, at any time, an investigative consumer report is sought for employment purposes…the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

(A)     The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.

(B)     The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

(i)      An investigative consumer report may be obtained.

(ii)     The permissible purpose of the report is identified.

(iii)    The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

/ / /

      (iv)    Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

      (v)    Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.

      (vi)    Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C)    The consumer has authorized in writing the procurement of the report.

75.    As described above, Plaintiff alleges that in evaluating him and ICRAA Class Members for employment, Defendants procured or caused to be prepared investigative consumer reports, as defined by Section 1786.2(c) of the ICRAA.

76.    At all relevant times herein, Defendants violated Section 1786.16(a)(2) of the ICRAA by failing to provide Plaintiff and ICRAA Class Members with a clear and conspicuous disclosure in writing that consisted solely of the disclosure, which adequately notified the consumer of the nature and scope of the investigation and failing to obtain written authorization each time an investigative consumer report is sought and procured with a permissible purpose.

77.    Defendants violated Section 1786.16(a)(2)(B)(v) of the ICRAA by failing to provide Plaintiff and ICRAA Class Members of a summary of the provisions of Section 1786.22 of the ICRAA.

78.    Based upon facts that are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges on information and belief that Defendants had and have a policy and practice of failing to provide adequate written disclosures to applicants and employees before procuring investigative consumer reports or causing investigative consumer reports to be procured for Plaintiff and ICRAA Class Members without first providing a written disclosure and obtaining authorization every time, as required by law.

/ / /

79. Based upon facts that are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges on information and belief that Defendants had and have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without:

      (a)    Providing them with clear and conspicuous standalone disclosures each time a report is requested, as required by law; and

      (b)    Obtaining authorization every time a report is requested.

80. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and ICRAA Class Members without providing them with the required disclosure or obtaining authorization under 1786.16(a)(2) of the ICRAA.

81. Accordingly, Defendants' conduct in violation of the ICRAA, including, but not limited to, Section 1786.16(a)(2), was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and ICRAA Class Members. Defendants' willful or grossly negligent conduct is reflected by, among other things, the following facts:

      (a)    Defendants are large corporations with access to legal advice;

      (b)    Defendants required a purported authorization to perform investigative consumer reports in the process of employing the class members, which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

      (c)    The plain language of the statute unambiguously indicates that the disclosure form must contain certain information, including, but not limited to, providing of a summary of the provisions of Section 1786.22.

82. As a result of Defendants' illegal procurement of investigative consumer reports by way of their inadequate disclosures, as set forth above, Plaintiff and ICRAA Class Members have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

1  83.    Plaintiff, on behalf of himself and all the ICRAA Class Members, seeks all

2  available remedies pursuant to Civil Code section 1786.50, including statutory damages, actual

3  damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

4  ### FOURTH CAUSE OF ACTION

5  ### VIOLATION OF CALIFORNIA CIVIL CODE §§ 1785, ET SEQ.

6  ### (CONSUMER CREDIT REPORTING AGENCIES ACT)

7  **(Against All Defendants by Plaintiff and the CCRAA Class)**

8  84.    Plaintiff hereby incorporates by reference paragraphs 1-83 above, as if fully set

9  forth herein.

10  85.    Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit

11  Reporting Agencies Act ("CCRAA").

12  86.    Plaintiff and CCRAA Class Members are "consumers" within the meaning of

13  Section 1785.3(b) of the CCRAA, because they are "natural individuals."

14  87.    Section 1785.3(c) of the CCRAA defines "consumer credit report" as "any written,

15  oral, or other communication of any information by a consumer credit reporting agency bearing on

16  a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to

17  be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the

18  consumer's eligibility for…employment purposes…"

19  88.    Section 1785.3(f) of the CCRAA defines "employment purposes" when used in

20  connection with a consumer credit report as "a report used for the purpose of evaluating a

21  consumer for employment, promotion, reassignment, or retention as an employee."

22  89.    Section 1785.3(d) of the CCRAA defines "consumer credit reporting agency" as:

23  any person who, for monetary fees, dues, or on a cooperative nonprofit basis,
   regularly engages in whole or in part in the business of assembling or evaluating
24  consumer credit information or other information on consumers for the purpose of
   furnishing consumer credit reports to third parties, but does not include any
25  governmental agency whose records are maintained primarily for traffic safety,
   law enforcement, or licensing purposes.
26

27  90.    Section 1785.20.5(a) of the CCRAA requires that prior to requesting a consumer

28  credit report for employment purposes, the user of the report shall provide written notice to the

person involved that (1) informs the person that a report will be used, (2) identifies the specific basis under Section 1024.5(a) of the Labor Code for use of the report, (3) informs the person of the source of the report, and (4) contains a box that the person may check off to receive a copy of the credit report. If the consumer indicates that he or she wishes to receive a copy of the report, the report to the user and to the subject person must be provided contemporaneously and at no charge to the subject person. *Id.*

91.     As described above, Plaintiff alleges that in evaluating him and CCRAA Class Members for employment, Defendants procured or caused to be prepared consumer credit reports, as defined by Section 1785.3(c) of the CCRAA.

92.     At all relevant times herein, Defendants violated Section 1785.20.5(a) of the CCRAA as to Plaintiff and CCRAA Class Members by (1) failing to provide written notice to Plaintiff and CCRAA Class Members identifying the specific basis for the report under Labor Code section 1024.5(a), (2) failing to provide written notice to Plaintiff and CCRAA Class Members informing them of the source of the report; and (3) failing to include a box that the person may check off to receive a copy of the credit report, and (4) failing to provide the report to Plaintiff and CCRAA Class Members contemporaneously and at no charge to the subject person.

93.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges on information and belief that Defendants had and have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above. Pursuant to that policy and practice, Defendants procured credit reports or caused credit reports to be procured for Plaintiff and CCRAA class members without complying with Section 1785.20.5(a) of the CCRAA, as described above.

94.     Accordingly, Defendants' conduct in violation of Section 1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and CCRAA Class Members. Defendants' willful or grossly negligent conduct is reflected by, among other things, the following facts:

(a) Defendants are large corporations with access to legal advice;

(b) Defendants required a purported authorization to perform consumer credit reports in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(c) The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the requirements of the CCRAA.

95. As a result of Defendants' illegal procurement of consumer credit reports by way of their inadequate notice, as set forth above, Plaintiff and CCRAA Class Members have been injured, including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

96. Plaintiff, on behalf of himself and all the CCRAA Class Members, seeks all available remedies pursuant to Civil Code section 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

97. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Civil Code section 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, ET SEQ.

## (UNFAIR COMPETITION)

### (Against All Defendants by Plaintiff, the FCRA Class, the ICRAA Class, and the CCRAA Class)

98. Plaintiff hereby incorporates by reference paragraphs 1-97 above, as if fully set forth herein.

99. California's Unfair Competition Law ("UCL"), Business and Professions Code sections 17200, *et seq.*, protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. The UCL prohibits any unlawful, unfair, or fraudulent

business act or practice. A business practice need only meet one (1) of the three (3) criteria to be considered unfair competition. An unlawful business practice is anything that can properly be called a business practice and that at the same time is forbidden by law.

100. As described above, Defendants have violated the "unlawful" prong of the UCL in that Defendants' conduct violated numerous provisions of the FCRA, ICRAA, and/or CCRAA.

101. Defendants have violated the "unfair" prong of the UCL in that they gained an unfair business advantage by failing to comply with state and federal mandates in conducting background checks and otherwise taking necessary steps to adhere to the FCRA, ICRAA, and/or CCRAA. Further, any utility for Defendants' conduct is outweighed by the gravity of the consequences to Plaintiff and Class Members and because the conduct offends public policy.

102. As a result of Defendants' conduct described herein and their willful violations of Business and Professions Code section 17203, Plaintiff and Class Members have lost money and suffered harm as described herein.

103. Pursuant to Business and Professions Code section 17203, Plaintiff seeks an order enjoining Defendants from continuing to engage in the unfair and unlawful conduct described herein. Plaintiff seeks an order (a) requiring Defendants to cease the unfair and unlawful practices described herein; and (b) awarding reasonable costs and attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF ON HIS OWN BEHALF AND ON BEHALF OF THOSE SIMILARLY SITUATED, PRAYS AS FOLLOWS:**

1. An order certifying the proposed Classes, designating Plaintiff as named representative of the Classes, and designating the undersigned as Class Counsel;

2. A Declaration that Defendants' practices violate the FCRA, ICRAA, CCRAA, and UCL;

3. An award of statutory, compensatory, special, general, and punitive damages according to proof against Defendants;

/ / /

4.     An award of appropriate equitable relief, including but not limited to an injunction forbidding Defendants from engaging in further unlawful conduct in violation of the FCRA, ICRAA, CCRAA, and UCL;

5.     An award of pre-judgment and post-judgment interest, as provided by law;

6.     Leave to amend the Complaint to conform to the evidence produced at trial;

7.     An award of attorneys' fees and costs, as allowed by law, including an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, Cal. Civ. Code §§ 1786.50 and 1785.31(a), and Cal. Civ. Proc. Code § 1021.5; and

8.     Such other relief as the Court deems just and proper or as authorized by statute.

Dated: April 6, 2022

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**
**LAW OFFICES OF SAHAG MAJARIAN II**

By:    /s/ Courtney M. Miller
       Joseph Lavi, Esq.
       Vincent C. Granberry, Esq.
       Courtney M. Miller, Esq.
       Sahag Majarian II, Esq.
       Attorneys for Plaintiff JAVIER MANRIQUEZ,
       individually and on behalf of other members of the
       general public similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff JAVIER MANRIQUEZ demands a trial by jury for himself, and on behalf of other members of the general public similarly situated, on all claims so triable.

Dated: April 6, 2022

                                    Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**
**LAW OFFICES OF SAHAG MAJARIAN II**

By:    /s/ Courtney M. Miller
            Joseph Lavi, Esq.
            Vincent C. Granberry, Esq.
            Courtney M. Miller, Esq.
            Sahag Majarian II, Esq.
            Attorneys for Plaintiff JAVIER MANRIQUEZ,
            individually and on behalf of other members of the
            general public similarly situated

**EXHIBIT 1**



J.B. Hunt Transport, Inc. P.O. Box 859, Lowell, AR 72745

## DRIVER DISCLOSURE & AUTHORIZATION FORM

**Please Read the Disclosure & Authorization Statement Prior to Signing this Authorization Form.**
I have carefully read and understand this Disclosure and Authorization Statement and the FTC Summary of Rights under the Fair Credit Reporting Act ("FCRA"). By my signature below, I consent to the release of consumer reports, investigative consumer reports, and other personal history reports prepared by a consumer reporting agency, government agency or department, or other entity to J.B. Hunt Transport, Inc. (the "Company"). I understand that if the Company hires me, my consent will apply, and the Company may obtain reports, throughout my employment. I also understand that information contained in my job application or otherwise disclosed by me before or during my employment, if any, may be used for the purpose of obtaining Consumer reports and/or investigative consumer reports.

By my signature below, I authorize law enforcement agencies, learning institutions (including public and private schools and universities), information service bureaus, credit bureaus, record/data repositories, courts (federal, state and local), motor vehicle records agencies, my past or present employers, the military, and other individuals and sources to furnish any and all information on me that is requested by the consumer reporting agency. Furthermore, Customers of the Company may require investigative or consumer reports which apply to my background. These reports would apply to my assignment to projects related to the Customer, permission to be on the Customers' premises and to handle its products and other security concerns of the Customer. I agree to allow the Company to provide my work history information to a consumer reporting agency.

I understand that I have the right to review information provided by my previous employers, to have errors corrected by the previous employers and re-sent to the Company once corrected, and to have a rebuttal statement attached to any alleged erroneous information should my previous employer and I not agree on the accuracy of the information. I further understand that the information provided by me will be used in making employment determinations and that my previous employer will be contacted for the purpose of investigating my safety performance history information as required by paragraphs (d) and (e) of "49 CFR" Part 391.23. Request to review previous employer information must be in writing. A release form for employment records can be requested by calling 1-800-252-4966 or mailing to Driver Personnel – Information Request; P.O. Box 859, Lowell, AR 72745. I understand that I have additional rights under the FCRA as noted in the FTC Summary of Rights provided to me.

I hereby authorize any person or company for whom I have worked (as an employee or contractor), whether listed below or not, to furnish information they may have pertaining to my character, habits, financial responsibility, job performance, reasons for leaving employment, and all information concerning my employment or training. I hereby release all persons and organizations from any claims from damages of any kind, which may occur to me by reasons of furnishing such information.

By my signature below, I certify the information I provided on my application is true and correct. I agree that this Disclosure and Authorization form in original, faxed, photocopied or electronic (including electronically signed) form; will be valid for any reports that may be requested by or on behalf of the Company.

| California, Minnesota, Oklahoma, Maine, Massachusetts, or Washington residents, or individuals with jobs located in these states, may request a free copy of consumer or investigative consumer reports obtained on you. To request a free copy of your reports, call 800-723-1916 between the hours of 8:00 AM and 5:00 PM CST. |
|---|
| California, Massachusetts, New Jersey, Washington, or New York (residents only) residents, or individuals with jobs located in these states, your signature acknowledges receipt of a copy of the applicable summary of rights. |

Applicant Last Name  MANRIQUEZ          First  JAVIER          Middle  ANSO

*Social Security No.  557715398          *Date of Birth (MM/DD/YYYY)  06/08/1957

Applicant Signature _____          Date    04/17/2017

*This information will be used only for background screening purposes and will not be taken into consideration in any employment decisions.

Driver FCRA July 2013

# EXHIBIT 2

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

J.B. HUNT TRANSPORT, INC.; and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAVIER MANRIQUEZ, individually and on behalf of other members of the general public similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
04/13/2022

Chad Finke, Executive Officer / Clerk of the Court

By_____ C. Clark _____Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Alameda County Superior Court<br>René C. Davidson Courthouse, 1225 Fallon Street, Oakland, California 94612 | CASE NUMBER: *(Número del Caso):*<br>**22CV009805** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Joseph Lavi, Esq., Lavi & Ebrahimian, LLP, 8889 W. Olympic Boulevard, Suite 200, Los Angeles, California 90211, (310) 432-0000

| DATE: 04/13/2022<br>*(Fecha)* | Chad Finke, Executive Officer / Clerk of the Court | Clerk, by<br>*(Secretario)* | C. Clark | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

# EXHIBIT 3

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Courtney M. Miller, Esq. (SBN 327850), LAVI & EBRAHIMIAN, LLP<br>8889 W. Olympic Boulevard, Suite 200, Beverly Hills, California 90211<br><br>TELEPHONE NO.: (310) 432-0000  FAX NO. *(Optional):* (310) 432-0001<br>E-MAIL ADDRESS: cmiller@lelawfirm.com<br>ATTORNEY FOR *(Name):* Plaintiff Javier Manriquez | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>04/13/2022 at 10:45:05 AM<br>By: Cheryl Clark, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: René C. Davidson Courthouse

CASE NAME:
Manriquez v. J.B. Hunt Transport, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 22CV009805<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 8, 2022

Courtney M. Miller, Esq.
_____  ►  _____
(TYPE OR PRINT NAME)  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

# EXHIBIT 4

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, CA 94612

PLAINTIFF:
Javier Manriquez

DEFENDANT:
J.B.Hunt Transport INC.

### NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

04/13/2022

Clad Filing, Execctve Offcer / Clerk of the Court

By: *Cheryl Clark* Deputy
C. Clark

CASE NUMBER:
22CV009805

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | |
|---|---|
| Date: 08/11/2022 | Time: 8:30 AM Dept.: 23 |
| Location: | Rene C. Davidson Courthouse |
| | Administration Building, 1221 Oak Street, Oakland, CA 94612 |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>04/13/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _C. Clark_ Deputy |
| PLAINTIFF/PETITIONER:<br>Javier Manriquez | |
| DEFENDANT/RESPONDENT:<br>J.B.Hunt Transport INC. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV009805 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Chad Finke, Executive Officer / Clerk of the Court

Dated: 04/13/2022

By:

*Cheryl Clark*

C. Clark, Deputy Clerk

**CERTIFICATE OF MAILING**

EXHIBIT 5



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

EXHIBIT 6

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:       FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:       Time:       Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process *(check one)*:

   ☐ Court mediation       ☐ Judicial arbitration

   ☐ Private mediation       ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____    ▶    _____
(TYPE OR PRINT NAME)       (SIGNATURE OF PLAINTIFF)

Date:

_____    ▶    _____

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

(TYPE OR PRINT NAME) (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

**ALA ADR-001**

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
| DEFENDANT/RESPONDENT: | |

Date:

_____

(TYPE OR PRINT NAME)

▶ _____

(SIGNATURE OF DEFENDANT)

Date:

_____

(TYPE OR PRINT NAME)

▶ _____

(SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

EXHIBIT 7

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Joseph Lavi, Esq. (SBN:209776); Vincent C. Granberry, Esq. (SBN: 276483)<br>Pooja V. Patel (SBN: 317891); Courtney M. Miller, Esq. (SBN: 327850)<br>LAVI & EBRAHIMIAN, LLP<br>8889 W. Olympic Blvd, Suite 200, Beverly Hills, CA 90211<br>TELEPHONE NO.: 310-432-0000   FAX NO. *(Optional):* (310) 432-0001<br>E-MAIL ADDRESS *(Optional):* whteam1@lelawfirm.com<br>ATTORNEY FOR *(Name):* Plaintiff JAVIER MANRIQUEZ | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>05/03/2022 at 09:43:03 AM<br>By: Anita Dhir, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: JAVIER MANRIQUEZ

DEFENDANT/RESPONDENT: JB HUNT TRANSPORT, INC., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>22CV009805 |
|---|---|

TO *(insert name of party being served):* JB HUNT TRANSPORT, INC.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: April 15, 2022

Pooja V. Patel, Esq. (Attorney for Plaintiff)   ▶   *Pooja Patel*
(TYPE OR PRINT NAME)     (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
   Civil Case Cover Sheet; Notice of Case Management Conference; ADR Packet

*(To be completed by recipient):*

Date this form is signed:

4/25/22
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *[signature]*
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Attorney for Defendant

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

**MANRIQUEZ v. JB HUNT TRANSPORT, INC. (FCRA)**       **CASE NO. 22CV009805**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211.

On May 2, 2022, I served the foregoing documents, described as:

### "NOTICE AND ACKNOWLEDGMENT OF RECEIPT -CIVIL"

on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

| | |
|---|---|
| Michael W. McTigue Jr., Esq.<br>**SKADDEN, ARPS, SLATE, MEAGHER &**<br>**FLOM LLP**<br>One Manhattan West<br>New York, New York, 10001 | *Attorney for Defendant* |

☒       **(BY MAIL)** As follows:

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

☒       **(STATE)** I declare, under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed May 2, 2022, at Beverly Hills, California.


*/s/ Stephanie Recendez*
Stephanie Recendez