Joseph Lavi, Esq. (SBN 209776)
Vincent C. Granberry, Esq. (SBN 276483)
Courtney M. Miller, Esq. (SBN 327850)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001
Emails: jlavi@lelawfirm.com
        vgranberry@lelawfirm.com
        cmiller@lelawfirm.com
        WHT1@lelawfirm.com

Sahag Majarian II, Esq. (SBN 146621)
**LAW OFFICES OF SAHAG MAJARIAN, II**
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892
Email: sahagii@aol.com

Attorneys for Plaintiff JAVIER MANRIQUEZ, individually and
on behalf of other members of the general public similarly situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER MANRIQUEZ, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>J.B. HUNT TRANSPORT, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 22-cv-03060-SK<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:**<br><br>**1.    FAILURE TO PROVIDE PROPER DISCLOSURES IN VIOLATION OF 15 U.S.C. § 1681b(b)(2)(A) (FAIR CREDIT REPORTING ACT)**<br><br>**2.    FAILURE TO PROVIDE SUMMARY OF RIGHTS IN VIOLATION OF 15 U.S.C. §§ 1681d(a)(1) AND 1681g(c) (FAIR CREDIT REPORTING** |

ACT)

3.     **VIOLATION OF CALIFORNIA CIVIL CODE §§ 1786, ET SEQ. (INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT)**

4.     **VIOLATION OF CALIFORNIA CIVIL CODE §§ 1785, ET SEQ. (CONSUMER CREDIT REPORTING AGENCIES ACT)**

**DEMAND FOR JURY TRIAL**

**COMES NOW** Plaintiff JAVIER MANRIQUEZ ("Plaintiff"), individually and on behalf of other members of the general public similarly situated, who alleges and complains against Defendants J.B. HUNT TRANSPORT, INC.; and DOES 1 to 100, inclusive (collectively, "Defendants") as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1.     This class action arises from the acquisition and use of consumer, investigative, and/or credit reports (referred to collectively as "background reports") by Defendants to conduct background checks on Plaintiff and other prospective, current, and former employees.

2.     Plaintiff alleges that Defendants routinely obtain and use information from background reports in connection with their hiring and/or evaluation for transfer, promotion, and/or continued employment processes without complying with federal and state mandates for doing so. As part of this practice, Defendants fail to notify prospective, current, and former employees of their rights under federal law and further fail to provide to Plaintiff and prospective, current, and former employees a disclosure form compliant with federal state law requirements as part of the hiring and/or evaluation for transfer, promotion, and/or continued

employment processes.

3.     Plaintiff, individually and on behalf of all other similarly situated prospective, current, and former employees seeks compensatory and punitive damages due to Defendants' willful or grossly negligent conduct and their systematic and willful violation of, *inter alia*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*; the Investigative Consumer Reporting Agencies Act ("ICRAA"), Civil Code §§ 1786, *et seq.*; and the Consumer Credit Reporting Agencies Act ("CCRAA"), Civil Code §§ 1785, *et seq*.

4.     Defendants have violated the requirements under these statutes by failing to provide proper disclosures and/or notice of rights. The procurement of background reports for employment purposes is subject to strict disclosure and notice requirements under federal law pursuant to the FCRA and under California law pursuant to the ICRAA and/or CCRAA. Among other things, an employer may not procure a background report concerning a job applicant and/or employee unless (1) a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made it a document consisting solely of that disclosure ("disclosure form"); and (2) the employer provides the applicant and/or employee a summary of their rights under the FCRA ("summary of rights").

5.     In this case, Defendants' disclosure form lacked legally required disclosures pursuant to the FCRA, ICRAA, and/or CCRAA and Defendants further failed to provide the requisite summary of rights under the FCRA.

6.     As further alleged herein, Defendants' violations occurred because Defendants have willfully failed to properly apprise themselves of the statutory mandates before seeking, acquiring, and utilizing background reports to make employment decisions; violated the express and unambiguous provisions of the relevant statutes; and/or failed to implement reasonable procedures to assure compliance with statutory mandates.

/ / /

7.     As a result of Defendants' wrongful acts and omissions, Plaintiff and other prospective, current, and former employees have been injured, including, without limitation, having their privacy and statutory rights invaded in violation of the FCRAA, ICRAA, and/or CCRAA.

8.     Plaintiff, on behalf of himself and prospective, current, and former employees, seeks statutory, actual and/or compensatory damages, punitive damages, including costs and expenses of litigation including attorneys' fees, as well as additional and further relief that may be deemed necessary or appropriate. Plaintiff reserves the right to amend this Complaint to add additional relief as permitted under applicable law.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court of the State of California and will be established according to proof at trial.

10.    This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

11.    This Court has jurisdiction over Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.

12.    Venue is proper in this Court because, upon information and belief, Defendants regularly transact business in the State of California, including Alameda County. Therefore, the acts and omissions alleged herein relating to Plaintiff and

putative class members took place throughout the State of California, including Alameda County.

## PARTIES

13.    Plaintiff was formerly employed by Defendants in the State of California.

14.    Defendant J.B. HUNT TRANSPORT, INC. is a Georgia corporation and does business throughout the State of California, including in Alameda County.

15.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 100, inclusive, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend the Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

16.    Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

17.    Plaintiff alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## FACTUAL ALLEGATIONS

18.    Plaintiff was formerly employed by Defendants.

19.    As part of the application process, Plaintiff was required to report to Defendants in person for two (2) days. On the first day, Plaintiff was given

paperwork to sign. On the second day, Plaintiff was required to undergo a driving test and a parking test. On the second day, after completing the driving test and parking test, Defendants summoned Plaintiff into their office and offered him a job with Defendants.

20.     On or about April 17, 2017, in evaluating him for potential employment with Defendants, Defendants provided Plaintiff with a one-page document titled "DRIVER DISCLOSURE & AUTHORIZATION FORM" ("Disclosure"). The Disclosure contains Plaintiff's wet signature. A true and correct copy of the Disclosure is hereto attached as **Exhibit 1**.

21.     On or around March 4, 2022, Plaintiff discovered that Defendants actually procured or caused to be prepared a background report (*i.e.*, a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(l)(B) and 15 U.S.C. § 1681a(e); an investigative consumer report, as defined by Civil Code section 1786.2(c) and/or a consumer credit report, as defined by Civil Code section 1785.3(c)) without providing Plaintiff a proper disclosure and/or a summary of rights as required by the FCRA, ICRAA, and/or CCRAA.

22.     Plaintiff's discovery of Defendants' violation(s) occurred when he obtained his records from a former employer and discovered that Defendants had procured and/or caused to be procured a background report regarding him for employment purposes based on an illegal disclosure form and without providing required notice of his rights.

23.     In connection with his evaluation for employment with Defendants, Plaintiff completed Defendants' standard forms, which on information and belief, were used regularly by Defendants for all prospective, current, and former employees who were evaluated for hire, transfer, promotion, and/or continued employment during the relevant time period in connection with Defendants' employment policies, procedures, and/or practices.

/ / /

24.     Specifically, by failing to provide Plaintiff and similarly situated prospective, current, and former employees with a legally compliant document that constituted a written disclosure form, Plaintiff alleges Defendants violated the FCRA based on the following:

(a)     It was not a standalone document;

(b)     It was not a document that consisted solely of the disclosure; and

(c)     It included extraneous information.

25.     Plaintiff is further informed, believes, and thereon alleges that Defendants requested or caused to be requested an investigative consumer report and/or consumer credit report regarding Plaintiff and similarly situated prospective, current, and former employees.

26.     Defendants, however, maintain a policy, practice, and/or procedure whereby, within three (3) days of requesting investigative consumer reports regarding Plaintiff and similarly situated prospective, current, and former employees, they fail to:

(a)     inform Plaintiff and similarly situated prospective, current, and former employees, in writing, of their right to request additional disclosures as provided in 15 U.S.C. §1681d(b); and

(b)     provide a written summary of the rights of Plaintiff and similarly situated prospective, current, and former employees pursuant to 15 U.S.C. §1681g(c).

27.     Therefore, Plaintiff alleges, Defendants violated Section 1681d(a)(1) of the FCRA by failing to provide to Plaintiff and similarly situated prospective, current, and former employees within three (3) days of requesting investigative consumer reports regarding them, a disclosure in writing informing them of their right to request the additional disclosures provided for under Section 1681d(b) of the FCRA.

/ / /

**FIRST AMENDED COMPLAINT**
**7**

28.     Defendants further violated of Section 1681d(a)(1) of the FCRA by failing to provide to Plaintiff and similarly situated prospective, current, and former employees within three (3) days of requesting investigative consumer reports, a written disclosure including a written summary of their rights pursuant to Section 1681g(c) of the FCRA.

29.     By failing to provide Plaintiff and similarly situated prospective, current, and former employees with a legally compliant document that constituted a written disclosure form, Plaintiff alleges Defendants violated the ICRAA based on the following:

(a)     It was not provided at any time a background report was sought for employment purposes;

(b)     It was not clear and conspicuous;

(c)     It was not a standalone document;

(d)     It was not a document that consisted solely of the disclosure;

(e)     It included extraneous information;

(f)     It failed to state that an investigate consumer report may be obtained;

(g)     It failed to identify the permissible purpose of the report;

(h)     It failed to provide that the disclosure may include information regarding Plaintiff's and similarly situated prospective, current, and former employees' character, general reputation, personal characteristics, and mode of living;

(i)     It failed to identify the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation;

(j)     It failed to notify Plaintiff and similarly situated prospective, current, and former employees, in writing, of the nature and scope of the investigation requested, including a summary of the provision of Cal. Civ. Code §1786.22; and

(k)     It failed to notify Plaintiff and similarly situated prospective, current, and former employees of the internet website address of the investigative consumer reporting agency conducting the investigation.

30.     Further, Plaintiff alleges that Defendants' Disclosure violates Civil Code section 1786.16(a)(2) because it contains an "evergreen consent" provision that violates the requirement that Defendants provide Plaintiff and similarly situated prospective, current, and former employees with written disclosures and obtain written authorization <u>each time</u> an investigative consumer report is sought.

31.     Finally, by failing to provide Plaintiff and similarly situated prospective, current, and former employees with a legally compliant document that constituted a written disclosure form, Plaintiff alleges Defendants violated the CCRAA based on the following:

(a)     identifying the specific basis under Labor Code §1024.5(a) for use of the report;

(b)     informing Plaintiff and similarly situated prospective, current, and former employees of the source of the report; and

(c)     containing a check box that Plaintiff and similarly situated prospective, current, and former employees could check off to receive a copy of their credit report.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated, and thus seeks class certification under Code of Civil Procedure section 382 because there is a well-defined community of interest among many persons who comprise the classes defined below.

A.     **FCRA Class**: All persons residing in the United States for whom Defendants procured or caused to be procured a background report for the purpose of evaluating them for employment, promotion, reassignment, and/or retention

within five (5) years prior to the filing of this Complaint until final judgment is entered in this action.

B. **ICRAA Class**: All persons residing in California for whom Defendants procured or caused to be procured a background report for the purpose of evaluating them for employment, promotion, reassignment, and/or retention within two (2) years prior to the filing of this Complaint until final judgment is entered in this action.

C. **CCRAA Class**: All persons residing in California for whom Defendants procured or caused to be procured a background report for the purpose of evaluating them for employment, promotion, reassignment, and/or retention within seven (7) years prior to the filing of this Complaint until final judgment is entered in this action.

33.   Members of the Classes, as described above, will be referred to as "Class Members."

34.   Plaintiff reserves the right to amend the above Classes and add additional subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

35.   **Numerosity**: The Class Members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Classes is unknown to Plaintiff at this time; however, the class is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment and/or hiring records. Consequently, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

36.   **Commonality**: There are common questions of fact and law as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

(a)     Whether it is Defendants' standard procedure to provide a standalone written disclosure that is clear and conspicuous to prospective, current, and former employees before obtaining or causing to be obtained a consumer report, investigative consumer report, and/or credit report in compliance with the statutory mandates;

(b)     Whether it is Defendants' standard procedure to provide to prospective, current, and former employees notice of their rights under federal law within three (3) days of obtaining or causing to be obtained a consumer report, investigative consumer report, and/or credit report in compliance with the statutory mandates;

(c)     Whether it is Defendants' standard procedure to provide to prospective, current, and former employees reasonable opportunity to obtain copies of their consumer report, investigative consumer report, and/or credit report in compliance with the statutory mandates;

(d)     Whether it is Defendants' standard procedure to provide prospective, current, and former employees with copies of their consumer report, investigative consumer report, and/or credit report in a timely matter in compliance with the statutory mandates;

(e)     Whether it is Defendants' standard procedure to identify a specific basis for requesting a consumer credit report in compliance with the statutory mandates;

(f)     Whether Defendants' failures to comply with the FCRA, ICRAA, or CCRAA were willful or grossly negligent; and

(g)     The appropriate amount of statutory damages, attorneys' fees, and costs resulting from Defendants' violations of federal and California law.

37.     **Typicality**: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated, and Plaintiff's claims (or defenses, if any) are typical of those of all Class Members as

demonstrated herein.

38. **Adequacy of Representation**: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts, or differences with any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

39. **Predominance**: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and the Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

40. **Superiority**:  Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages because of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendants' misconduct. Absent a class action, Class Members will continue to incur harm and damages and Defendants' misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of

1  adjudication.

2  **FIRST CAUSE OF ACTION**

3  **FAILURE TO PROVIDE PROPER DISCLOSURE IN VIOLATION OF**

4  **15 U.S.C. §§ 1681b(b)(2)(A)**

5  **(FAIR CREDIT REPORTING ACT)**

6  **(Against All Defendants by Plaintiff and the FCRA Class)**

7      41.     Plaintiff hereby incorporates by reference paragraphs 1-40 above, as if

8  fully set herein by reference.

9      42.     Defendants are "persons" as defined by section 1681a(b) of the FCRA.

10      43.     Plaintiff and FCRA Class Members are consumers within the meaning

11  section 1681a(c) of the FCRA, because they are "individuals."

12      44.     Defendants violated section 1681b(b)(2)(A) of the FCRA by failing to

13  provide Plaintiff and FCRA Class Members with a clear and conspicuous written

14  disclosure, before a report is procured or caused to be procured, that a consumer

15  report may be obtained for employment purposes, in a document that consists solely

16  of the disclosure.

17      45.     Based upon the facts likely to have evidentiary support after a

18  reasonable opportunity for further investigation and discovery, Defendants have a

19  policy, practice, and/or procedure of failing to provide any disclosure whatsoever or,

20  in the alternative, an adequate written disclosure to applicants before procuring

21  consumer reports or causing consumer reports to be procured. Pursuant to that

22  policy, practice, and/or procedure, Defendants procured consumer reports or caused

23  consumer reports to be procured for Plaintiff and FCRA Class Members without

24  first providing a written disclosure in compliance with section 168lb(b)(2)(A) of the

25  FCRA.

26      46.     Defendants' conduct in violation of section 1681b(b)(2)(A) of the

27  FCRA was and is willful. Defendants acted in deliberate or reckless disregard of

28  their obligations and the rights of Plaintiff and FCRA Class Members. Defendants'

willful conduct is reflected by, among other things, the following:

(a)     Defendants are large corporations with access to legal advice through their own general counsel's office and outside counsel;

(b)     Defendants required consumer reports as part of the process of employing the Plaintiff and FCRA Class Members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such investigative consumer reports; and

(c)     The plain language of the statute unambiguously indicates a written disclosure is required and that including extraneous and unclear information in a disclosure violates disclosure requirements.

47.     Accordingly, Defendants willfully violated and continue to violate the FCRA including, but not limited to section 168lb(b)(2)(A). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

48.     As a result of Defendants' illegal procurement of consumer reports by way of their failure to provide a disclosure or, in that alternative, utilizing an inadequate disclosure, as set forth above, Plaintiff and FCRA Class Members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

49.     Plaintiff, on behalf of himself and the FCRA Class Members, seeks all available remedies pursuant to 15 U.S.C. § 1681n including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

50.     In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under l5 U.S.C. § 1681o.

/ / /

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

**FAILURE TO PROVIDE SUMMARY OF RIGHTS IN VIOLATION OF 15 U.S.C. §§ 1681d(a)(1) AND 1681g(c)**

**(FAIR CREDIT REPORTING ACT)**

**(Against All Defendants by Plaintiff and the FCRA Class)**

51.     Plaintiff hereby incorporates by reference paragraphs 1-50 above, as if fully set herein by reference.

52.     15 U.S.C. § 1681d(a) states:

(a) Disclosure of fact of preparation - A person may not procure or cause to be prepared an investigative consumer report on any consumer unless –

(1) it is clearly and accurately disclosed to the consumer that an investigative consumer report including information as to his character,   general reputation, personal characteristics,  and mode of living, which are    applicable, may be made, and such disclosure

(A) is made in a writing mailed, or otherwise delivered, to the    consumer, not later than three days after the date on which the report    was first requested, and

(B) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section 168lg(c) of this title….

53.     15 U.S.C. § 1681d(b) states:

(b) Disclosure on request of nature and scope of investigation

Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1), make a complete and accurate disclosure of the nature and scope of the investigation

requested. This disclosure shall be made in a writing mailed, or after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

54.    15 U.S.C. § 1681g(c) further provides for summary of rights to obtain and dispute information in consumer reports and to obtain credit scores:

(c) Summary of rights to obtain and dispute information in consumer reports and to obtain credit scores

(1) Commission summary of rights required

(A) In general

The Commission shall prepare a model summary of the rights of consumers under this subchapter.

(B) Content of summary

The summary of rights prepared under subparagraph (A) shall include a description of –

(i) the right of a consumer to obtain a copy of a consumer report under subsection (a) from each consumer reporting agency;

(ii) the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge under section 1681i of this title;

(iii) the right of a consumer to dispute information in the file of the
consumer under section 1681i of this title;

(iv) the right of a consumer to obtain a credit score from a consumer
reporting agency, and a description of how to obtain a credit score;

(v) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge, as provided in the regulations of

the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

(vi) the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681 a(w) of this title, as provided in the regulations of the Bureau prescribed under section 168lj(a)(l)(C) of this title.

55.     As alleged herein, Defendants failed to comply with 15 U.S.C. § 1681d(a) and 15 U.S.C. § 1681d(b) because Defendants failed to provide Plaintiff and FCRA Class Members a written disclosure, within three (3) days of requesting an investigative consumer report regarding them, including a statement informing Plaintiff and FCRA Class Members of their right to request the additional disclosures provided for under Section 1681d(b) of the FCRA.

56.     In further violation of 15 U.S.C. § 1681d(a), Defendants failed to provide Plaintiff and FCRA Class Members a written disclosure within three (3) days of requesting an investigative consumer report regarding them, including a written summary of the rights of Plaintiff and Class members prepared pursuant to Section 1681g(c) of the FCRA.

57.     Additionally, Defendants did not comply with Section 1681g(c)(B)(1) because they failed to provide Plaintiff and FCRA Class Members a summary of rights stating the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency.

58.     Defendants did not comply with Section 1681g(c)(B)(2) because they failed to provide Plaintiff and FCRA Class Members a summary of rights stating the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge.

59.     Defendants did not comply with Section 1681g(c)(B)(3) because they failed to provide Plaintiff and FCRA Class Members a summary of rights stating the right of a consumer to dispute information in the file of the consumer.

60.   Defendants did not comply with Section 168lg(c)(B)(4) because they failed to provide Plaintiff and FCRA Class Members a summary of rights stating the right of a consumer to obtain a credit score from a consumer reporting agency and a description of how to obtain a credit score.

61.   Defendants did not comply with Section 1681g(c)(B)(5) because they failed to provide Plaintiff and FCRA Class Members a summary of rights stating the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge.

62.   Defendants did not comply with Section 1681g(c)(B)(6) because they failed to provide Plaintiff and FCRA Class Members a summary of rights stating the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in Section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 168lj(a)( l )(C) of this title.

63.   Defendants' conduct in violation of Sections 1681d(a) and (b) and 1681g(c) was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of Plaintiff and FCRA Class Members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a)   Defendants are large corporations with access to legal advice through their own general counsel's office and outside counsel;

(b)   Defendants required investigative consumer reports as part of the process of employing the Plaintiff and FCRA Class Members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such investigative consumer reports; and

(c)   The plain language of the statute unambiguously indicates that within three (3) days of procuring or causing to be prepared an investigative consumer report, Defendants were to notify Plaintiff and FCRA Class Members of their right to request additional disclosures and a summary of rights under the FCRA.

64.     Defendants willfully violated and continue to violate the FCRA including, but not limited to, Sections 1681d(a)(b) and 1681g(c). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

65.     By willfully failing to provide Plaintiff and FCRA Class Members with the above-described information informing them of their right to request additional disclosures under the FCRA and further failing to provide them with a written summary of their rights under the FRCA, Defendants deprived Plaintiff and FCRA Class Members of their legal right to this information.

66.     Accordingly, Plaintiff, on behalf of himself and all FCRA Class Members, seeks remedies pursuant to 15 U.S.C. § 1681n, including statutory damages, and attorneys' fees and costs for Defendants' violations of 15 U.S.C. §§ 1681d(a)(b) and 1681g(c).

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CIVIL CODE §§ 1786, ET SEQ.

### (INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT)

### (Against All Defendants by Plaintiff and the ICRAA Class)

67.     Plaintiff hereby incorporates by reference paragraphs 1-66 above, as if fully alleged herein.

68.     Defendants are "persons" as defined by Section 1786.2(a) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

69.     Plaintiff and ICRAA Class Members are "consumers" within the meaning Section l786.2(b) of the ICRAA because they are natural individuals who have made application to a person for employment purposes.

70.     Section 1786.2(f) of the ICRAA defines "employment purposes" when used in connection with an investigative consumer report as "a report used for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention as an employee."

/ / /

71.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

72.     Thus, a background check qualifies as an investigative consumer report under the ICRAA.

73.     Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

74.     Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

If, at any time, an investigative consumer report is sought for employment purposes…the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

(A)     The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.

(B)     The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

(h)     An investigative consumer report may be obtained.

(ii)    The permissible purpose of the report is identified.

(iii)   The disclosure may include information on the

consumer's character, general reputation, personal characteristics, and mode of living.

(iv)    Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

(v)    Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.

(vi)    Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C)    The consumer has authorized in writing the procurement of the report.

75.    As described above, Plaintiff alleges that in evaluating him and ICRAA Class Members for employment, Defendants procured or caused to be prepared investigative consumer reports, as defined by Section 1786.2(c) of the ICRAA.

76.    At all relevant times herein, Defendants violated Section 1786.16(a)(2) of the ICRAA by failing to provide Plaintiff and ICRAA Class Members with a clear and conspicuous disclosure in writing that consisted solely of the disclosure, which adequately notified the consumer of the nature and scope of the investigation and failing to obtain written authorization each time an investigative consumer report is sought and procured with a permissible purpose.

77.    Defendants violated Section 1786.16(a)(2)(B)(v) of the ICRAA by failing to provide Plaintiff and ICRAA Class Members of a summary of the provisions of Section 1786.22 of the ICRAA.

78.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges on information and belief that Defendants had and have a policy and practice of failing to provide adequate written disclosures to applicants and employees before procuring investigative consumer reports or causing investigative consumer reports to be procured for Plaintiff and ICRAA Class Members without first providing a written disclosure and obtaining authorization every time, as required by law.

79.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges on information and belief that Defendants had and have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without:

(a)     Providing them with clear and conspicuous standalone disclosures each time a report is requested, as required by law; and

(b)     Obtaining authorization every time a report is requested.

80.     Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and ICRAA Class Members without providing them with the required disclosure or obtaining authorization under 1786.16(a)(2) of the ICRAA.

81.     Accordingly, Defendants' conduct in violation of the ICRAA, including, but not limited to, Section 1786.16(a)(2), was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and ICRAA Class Members. Defendants' willful or grossly negligent conduct is reflected by, among other things, the following facts:

(a)     Defendants are large corporations with access to legal advice;

(b)     Defendants required a purported authorization to perform investigative consumer reports in the process of employing the class members,

which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(c)     The plain language of the statute unambiguously indicates that the disclosure form must contain certain information, including, but not limited to, providing of a summary of the provisions of Section 1786.22.

82.     As a result of Defendants' illegal procurement of investigative consumer reports by way of their inadequate disclosures, as set forth above, Plaintiff and ICRAA Class Members have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

83.     Plaintiff, on behalf of himself and all the ICRAA Class Members, seeks all available remedies pursuant to Civil Code section 1786.50, including actual damages, punitive damages, and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA CIVIL CODE §§ 1785, ET SEQ.**

**(CONSUMER CREDIT REPORTING AGENCIES ACT)**

**(Against All Defendants by Plaintiff and the CCRAA Class)**

84.     Plaintiff hereby incorporates by reference paragraphs 1-83 above, as if fully set forth herein.

85.     Defendants are "persons" as defined by Section 1785.3(j) of the Consumer Credit Reporting Agencies Act ("CCRAA").

86.     Plaintiff and CCRAA Class Members are "consumers" within the meaning of Section 1785.3(b) of the CCRAA, because they are "natural individuals."

87.     Section 1785.3(c) of the CCRAA defines "consumer credit report" as "any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility

for…employment purposes…"

88.     Section 1785.3(f) of the CCRAA defines "employment purposes" when used in connection with a consumer credit report as "a report used for the purpose of evaluating a consumer for employment, promotion, reassignment, or retention as an employee."

89.     Section 1785.3(d) of the CCRAA defines "consumer credit reporting agency" as:

> any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer credit reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic safety, law enforcement, or licensing purposes.

90.     Section 1785.20.5(a) of the CCRAA requires that prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved that (1) informs the person that a report will be used, (2) identifies the specific basis under Section 1024.5(a) of the Labor Code for use of the report, (3) informs the person of the source of the report, and (4) contains a box that the person may check off to receive a copy of the credit report. If the consumer indicates that he or she wishes to receive a copy of the report, the report to the user and to the subject person must be provided contemporaneously and at no charge to the subject person. *Id*.

91.     As described above, Plaintiff alleges that in evaluating him and CCRAA Class Members for employment, Defendants procured or caused to be prepared consumer credit  reports, as defined by Section 1785.3(c) of the CCRAA.

92.     At all relevant times herein, Defendants violated Section 1785.20.5(a) of the CCRAA as to Plaintiff and CCRAA Class Members by (1) failing to provide written notice to Plaintiff and CCRAA Class Members identifying the specific basis

for the report under Labor Code section 1024.5(a), (2) failing to provide written notice to Plaintiff and CCRAA Class Members informing them of the source of the report; and (3) failing to include a box that the person may check off to receive a copy of the credit report, and (4) failing to provide the report to Plaintiff and CCRAA Class Members contemporaneously and at no charge to the subject person.

93.    Based upon facts that are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges on information and belief that Defendants had and have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above. Pursuant to that policy and practice, Defendants procured credit reports or caused credit reports to be procured for Plaintiff and CCRAA class members without complying with Section 1785.20.5(a) of the CCRAA, as described above.

94.    Accordingly, Defendants' conduct in violation of Section 1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and CCRAA Class Members. Defendants' willful or grossly negligent conduct is reflected by, among other things, the following facts:

(a)    Defendants are large corporations with access to legal advice;

(b)    Defendants required a purported authorization to perform consumer credit reports in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(c)    The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the requirements of the CCRAA.

95.    As a result of Defendants' illegal procurement of consumer credit reports by way of their inadequate notice, as set forth above, Plaintiff and CCRAA

Class Members have been injured, including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

96.   Plaintiff, on behalf of himself and all the CCRAA Class Members, seeks all available remedies pursuant to Civil Code section 1785.31, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

97.   In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under Civil Code section 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFF ON HIS OWN BEHALF AND ON BEHALF OF THOSE SIMILARLY SITUATED, PRAYS AS FOLLOWS:**

1.   An order certifying the proposed Classes, designating Plaintiff as named representative of the Classes, and designating the undersigned as Class Counsel;

2.   A Declaration that Defendants' practices violate the FCRA, ICRAA, and CCRAA;

3.   An award of statutory, compensatory, special, general, and punitive damages according to proof against Defendants;

4.   An award of pre-judgment and post-judgment interest, as provided by law;

5.   Leave to amend the Complaint to conform to the evidence produced at trial;

6.   An award of attorneys' fees and costs, as allowed by law, including an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 168lo, Cal. Civ. Code §§ 1786.50 and 1785.31(a), and Cal. Civ. Proc. Code § 1021.5; and

1       7.    Such other relief as the Court deems just and proper or as authorized by

2 statute.

3

4 Dated: December 15, 2022        Respectfully submitted,
                                    **LAVI & EBRAHIMIAN, LLP**

5                                       **LAW OFFICES OF SAHAG MAJARIAN II**

6

7                 By:   /s/ Courtney M. Miller
                      Joseph Lavi, Esq.

8                       Vincent C. Granberry, Esq.
                      Courtney M. Miller, Esq.

9                       Sahag Majarian II, Esq.
                      Attorneys for Plaintiff

10                       JAVIER MANRIQUEZ, individually and on behalf of other members of the general public

11                       similarly situated

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**FIRST AMENDED COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiff JAVIER MANRIQUEZ demands a trial by jury for himself, and on

3     behalf of other members of the general public similarly situated, on all claims so

4     triable.

5

6     Dated: December 15, 2022                    Respectfully submitted,
                                                   **LAVI & EBRAHIMIAN, LLP**
7                                                  **LAW OFFICES OF SAHAG MAJARIAN**
                                                   **II**
8

9                                        By:    /s/ Courtney M. Miller
                                                Joseph Lavi, Esq.
10                                              Vincent C. Granberry, Esq.
                                                Courtney M. Miller, Esq.
11                                              Sahag Majarian II, Esq.
                                                Attorneys for Plaintiff
12                                              JAVIER MANRIQUEZ, individually and on
                                                behalf of other members of the general public
13                                              similarly situated

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28